PSM-189                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4668
_____

RUDY STANKO,

Appellant

v.

BARACK OBAMA; WARDEN DAVID EBBERT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-01911)
District Judge:  Honorable James F. McClure, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2010

Before: FUENTES, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

Opinion filed: September 21, 2010

_____

OPINION
_____

PER CURIAM

Rudy Stanko, a federal prisoner, filed a petition for writ of habeas corpus in the

District Court for the Middle District of Pennsylvania.  He complained of cruel and

unusual punishment and retaliation in violation of the First Amendment for pursuing his

administrative remedies and otherwise seeking legal relief. In particular, he claimed that he was thrown in the "hole" and subjected to "diesel therapy" (a punishment he defined as being transported in shackles and a belly-chain around the country with stops in the "holes" of various federal prison facilities). He also alleged various irregularities and due process violations relating to a hearing at which he was found guilty of filing fraudulently notarized liens (which he characterized as grievances). As a result of the hearing, he lost commissary, visiting, and telephone privileges, and he received additional time (180 days) in the "hole" and 27 days in prison.[1]

Stanko asked the District Court to enjoin prison officials from putting him in the "hole" for more than 30 days and from subjecting him to "diesel therapy." He also sought declarations that prison officials violated various provisions of the Constitution by, among other things, punishing him with 27 days in jail and other penalties for seeking administrative relief.

The District Court dismissed the petition, ruling that Stanko's claims were not appropriately brought in habeas because he did not challenge the fact or duration of his confinement. The District Court recognized that Stanko complained about the additional 27 days of imprisonment, but noted that Stanko did not ask the court to "delete" the sentence. The dismissal was without prejudice to Stanko's efforts to pursue his claims in

_____

[1]Although we do not find facts on appeal, we note that it appears from documents submitted to us (but not presented to the District Court) that Stanko challenges the loss of 27 days of good conduct time.

2

an action pursuant to 42 U.S.C. § 1983.

Stanko appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). Upon review, we will affirm in part and vacate in part the District Court's judgment.

We will affirm the District Court's decision insofar as it dismissed Stanko's challenge to the conditions of his confinement because, as the District Court reasoned, Stanko could not present such claims in his habeas petition. However, we will vacate the District Court's judgment to the extent that it dismissed Stanko's habeas claims.

In addition to raising prison condition claims, Stanko sought to put in question the validity of the duration of his confinement, namely the additional 27 days of imprisonment to which he became subject after his hearing. As the District Court noted, Stanko does not clearly ask the District Court to invalidate the sentence (in the sense that he did not ask for an immediate release). However, his case falls within the edict of Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), that is "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

Since Preiser, the Supreme Court has stated the rule more broadly. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (stating more simply that a prisoner "cannot

3

use a § 1983 action to challenge 'the fact or duration of his confinement'"). In Edwards v. Balisok, the Supreme Court held that a prisoner's success in a due process challenge to the procedures used during a prison disciplinary hearing that resulted in his loss of 30 days' good-time credit would necessarily imply the invalidity of the penalty he received. See 520 U.S. 641, 646-47 (1997). In that case, the prisoner argued that he was denied the opportunity to put on a defense and that he was tried by an impartial arbiter. See id. In addition to monetary damages and prospective injunctive relief, he sought a declaration that the procedures used by prison officials at his hearing violated due process. See id. at 644. The Supreme Court held that the prisoner did not present a claim that was cognizable under 42 U.S.C. § 1983. See id. at 648.

Stanko's case, to the extent that he sought a declaration that his sentence of 27 days in jail violated his constitutional rights, is similar to Balisok. He alleged due process violations; for instance, he claimed a sham trial in which he was not permitted to face his accusers. Among other things, like Balisok, he sought a declaration that the respondents violated his right to due process during the disciplinary proceedings. Also, Stanko sought a declaration that prison officials violated other provisions of the Constitution; for example, that they conducted a trial in violation of the protection against a bill of attainder. Although ultimately he may not succeed on his bill of attainder claim or his

4

other claims,[2] his claims that challenge the disciplinary proceeding and the resulting lengthened prison sentence sound in habeas. Accordingly, the District Court should have considered them. For this reason, we will vacate the District Court's judgment in part. We remand this matter to the District Court for further proceedings consistent with this opinion.

---

[2]Although we express no opinion on the merits of Stanko's claims, we note that he may merely have been punished in ordinary prison disciplinary proceedings after having filed improper liens against prison officials.