GLD-209                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2154
_____

RUDY STANKO,
                                            Appellant

v.

BARACK OBAMA, Commander and Chief (Art. II, Section 2);
WARDEN DAVID EBBERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-01911)
District Judge: Honorable John E. Jones, III;
previously, Honorable James F. McClure, Jr.
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011

Before: AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed: June 29, 2011)
_____

OPINION
_____

PER CURIAM

Rudy Stanko, a federal prisoner, filed a petition for writ of habeas corpus in the

United States District Court for the Middle District of Pennsylvania.  The District Court

dismissed the petition, ruling that Stanko's claims were not appropriately brought in habeas because he did not challenge the fact or duration of his confinement. Stanko appealed.

We affirmed the District Court's order insofar as it had dismissed Stanko's claims about the conditions of his confinement because, as the District Court had pointed out, Stanko could not present such claims in a habeas petition. See Stanko v. Obama, 398 F. App'x 777, 778 (3d Cir. 2010). However, we vacated the order to the extent that it had dismissed Stanko's challenge to the validity of disciplinary proceedings that had served to lengthen the time that he would spend in jail. See id. at 778-79 (citing, among other cases, Edwards v. Balisok, 520 U.S. 641, 646-47 (1997)).

On remand, in accordance with our mandate, and after soliciting a response from the warden[1] and allowing a reply from Stanko, the District Court considered Stanko's claims that sounded in habeas. The District Court denied Stanko's petition. Stanko appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its

---

[1]The District Court dismissed President Obama as a party to this action because a writ of habeas corpus is properly directed to a petitioner's custodian, see 28 U.S.C. § 2243, in this case the warden of the facility where Stanko was confined at the time he filed his petition, see Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). (As the District Court also noted, Stanko's transfer to another prison, which was not authorized pursuant Rule 23 of the Federal Rules of Appellate Procedure, did not divest it (or us) of jurisdiction over this case. See Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990); cf. Padilla, 542 U.S. at 441; Ex parte Endo, 323 U.S. 283, 307 (1944).

2

findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See Local Rule 27.4; I.O.P. 10.6.

Stanko alleged that his right to due process of law was violated in the disciplinary proceedings which resulted in the loss of 27 days of good conduct time.[2] Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake. See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). In Wolff, the Supreme Court held that an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In Hill, the Supreme Court further explained that to meet the minimum requirements of due process, the findings of the prison disciplinary board must also be supported by some evidence in the record. See id. The "some evidence" standard "does

---

[2]He also argued that his disciplinary hearing and its result constituted an unlawful bill of attainder, but this argument is a non-starter. See United States v. O'Brien, 391 U.S. 367, 384 n.30 (1968) (defining a bill of attainder as "a legislative Act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial"). Neither a disciplinary hearing nor its result was a legislative act and thus, neither could constitute a bill of attainder.

3

not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

As the District Court explained with citations to the record, Stanko received advance written notice of the disciplinary charge on February 5, 2009, upon completion of the investigation into whether he had made threats that he would file liens against prison staff members. On that same day, he received notice of his rights in disciplinary proceedings. Stanko's hearing was held on February 12, 2009. At his hearing, where he was represented by an appointed staff member, Stanko had the opportunity to present evidence and call witnesses. Stanko, himself, provided a statement at his hearing; he also presented a statement from another witness (the inmate who notarized the documents containing the language construed as threats). At the conclusion of his hearing, Stanko was given a written statement of the evidence relied on and the reasons for the disciplinary action against him. In short, Stanko received the procedural protections set forth in Wolff.

Furthermore, there is evidence in the record to support the finding of the disciplinary hearing officer that Stanko had "interfered with staff in the performance of their duties, most like, threatening another with any other offense." Stanko contended that he was merely filing requests for administrative remedies and did not, and was not attempting to, file a lien against any staff members. However, within the documents that

4

Stanko deemed requests for administrative remedies, Stanko included language that if the claims were not "rebutted point for point categorically within three (3) months," they would become liens on all property and rights of the prison officials he named. He stated that the Federal Bureau of Prisons would serve as a "surety" and pay any money due not covered by the liens. At his hearing, Stanko asserted that he felt that he had "a right to file this with surety." Accordingly, there is some evidence in the record that Stanko interfered with staff in the performance of their duties by making threats to file liens. As the District Court noted, the penalties imposed were consistent with sanctions set forth in the relevant regulations. See 28 C.F.R. § 541.13.

Stanko made an additional argument, which the District Court misconstrued. The District Court took Stanko's statements about the prison's non-compliance with the "24-hour rule" to be a claim that Stanko did not receive advance notice of the charge (which he clearly did, see supra). Stanko instead (or additionally) asserted that his right to due process was violated because he was not charged with a disciplinary infraction within 24 hours of the time at which staff became aware of his involvement in the incident. See 28 C.F.R. § 541.15(a) (stating that the written charges "ordinarily" should be given to the inmate within that time period). According to Stanko and at least some of the prison's records, the incident occurred, or prison officials became aware of the incident, on December 10, 2008. It is undisputed that Stanko did not get notice of the charge until February 5, 2009, one day after the conclusion of an investigation on February 4, 2009.

5

However, even if the regulation were violated, its violation is not actionable in this case.  Stanko cannot show that his right to due process was violated by a possible technical non-compliance with the regulation where <u>Wolff</u> does not require issuance of the charge within 24 hours of the incident and where any delay did not prejudice him.  <u>See</u> <u>Wilson v. Ashcroft</u>, 350 F.3d 377, 380 (3d Cir. 2003); <u>Von Kahl v. Brennan</u>, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994) (explaining that "at least in situations where the minimal requirements of due process have been met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated").  Also, although Stanko has a liberty interest in his good time credits, he did not show that the regulation itself created a liberty or property interest such that its violation abridged his due process rights.  <u>See</u>, <u>e.g.</u>, <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995).

For these reasons, we will summarily affirm the District Court's judgment.